Filed 8/8/18

# IN THE SUPREME COURT OF CALIFORNIA

THE PEOPLE,

        Plaintiff and Respondent,

        v.

JOHN SAMUEL GHOBRIAL,

        Defendant and Appellant.

S105908

Orange County
Super. Ct. No. 98NF0906

### ORDER MODIFYING OPINION AND
### DENYING PETITION FOR REHEARING

THE COURT:

The opinion herein, filed June 21, 2018, and appearing at 5 Cal.5th 250, is modified as follows:

1. On page 290, in the second full paragraph on that page, the second sentence, beginning, "Although the prosecutor", is modified so that the words "equally worthy of condemnation" are deleted and the words, "culpable for his crimes because of any connection with September 11, the terrorists, or their racial or national background" are inserted. The modified sentence will then read as follows: "Although the prosecutor briefly referred to Osama bin Laden, Al Qaeda, and the terrorists who perpetrated the September 11 attacks, the prosecutor never suggested that defendant's crime was somehow comparable to those attacks or that defendant was culpable for his crimes because of any

1

connection with September 11, the terrorists, or their racial or national background.

2. On page 290, in the second full paragraph on that page, the third sentence beginning, "Indeed, the prosecutor's", is modified so that the words "at all" following the word "defendant" are deleted and the words, " — namely, that a defendant's mental illness does not always negate criminal liability" are inserted at the end of that sentence following the words "prosecutor's argument." The modified sentence will then read as follows: "Indeed, the prosecutor's references were not clearly directed at defendant, but were instead designed to illustrate general legal points relevant to the prosecutor's argument — namely, that a defendant's mental illness does not always negate criminal liability."

After modification, the full paragraph will read as follows:

In any event, defendant's claims lack merit. Although the prosecutor briefly referred to Osama bin Laden, Al Qaeda, and the terrorists who perpetrated the September 11 attacks, the prosecutor never suggested that defendant's crime was somehow comparable to those attacks or that defendant was culpable for his crimes because of any connection with September 11, the terrorists, or their racial or national background. Indeed, the prosecutor's references were not clearly directed at defendant, but were instead designed to illustrate general legal points relevant to the prosecutor's argument — namely, that a defendant's mental illness does not always negate criminal liability. The prosecutor did not commit misconduct. (Compare *People v. McDermott* (2002) 28 Cal.4th 946, 1003 (*McDermott*) [finding no misconduct where the prosecutor compared the defendant to "a Nazi working in the

crematorium by day and listening to Mozart by night" because the prosecutor "was not comparing defendant's conduct in arranging [the] murder with the genocidal actions of the Nazi regime," and instead "was arguing that human beings sometimes lead double lives, showing a refined sensitivity in some activities while demonstrating barbaric cruelty in others"] with *People v. Zurinaga* (2007) 148 Cal.App.4th 1248, 1260 [finding nonprejudicial misconduct where the prosecutor made an extended comparison of the defendants' robbery and false imprisonment offenses to the hijackings that occurred on September 11, 2001].)

This modification does not affect the judgment.

John Samuel Ghobrial's petition for rehearing is denied.